The UNITED STATES, APPELLANTS, *v.* THE HEIRS OF FRANCISCO DE HARO, DECEASED.

Where property in California has been in the undisturbed possession of the claimant and his heirs for sixteen years, without any other person claiming or·

exercising a possession or right of possession, and it appears that the grant was originally made by Governor Alvarado during his term of office, the claim will be confirmed.

THIS was an appeal from the District Court of the United States for the northern district of California.

The facts of the case and state of the title are fully set forth in the opinion of the court.

It was argued by *Mr. Stanton* for the United States, and by *Mr. Phillips* for the appellees.

The principal question in the case was respecting the identity of the houses or the land granted with those claimed in the petition. *Mr. Phillips* contended that there could be no stronger proof of this, than that possession had been continuous during the whole time since the date of the grant.

Mr. Justice McLEAN delivered the opinion of the court.

The petition of the heirs of Francisco de Haro represents:

That on the 30th July, 1843, the father of your petitioner made and presented his petition in writing to Alvarado, Governor of California, soliciting for himself the grant of a lot of land in the mission of Dolores, to which he had previously obtained a provisional grant of Jose Ramon de Estrada.

That on the 16th of August, 1843, said Francisco obtained a formal grant of said Alvarado to the lot so petitioned for, and remained in possession thereof up to the time of his decease; and that, from that time up to this day, your petitioners have been and still are in the quiet and undisputed possession of said land.

That said land is situated in the mission Dolores, and in the block known and laid down on the official map of San Francisco as block No. 37, and forms the northeast of Centre and Dolores streets, containing fifty Spanish varas square—which grant has properly been recorded in the archives of California—and that the original documents are herewith submitted to the inspection of your honorable board.

Francisco Sanchez was sworn, as to the genuineness of the grant, and he says: I never saw the paper before, but I have no doubt it is genuine. I am acquainted with the signatures of Francisco de Haro and Juan B. Alvarado, having often seen them write; and I recognise their signatures, as they appear on said document, as their genuine signatures.

There were some old houses on the land at the time of the grant, which had belonged to the mission. These were repaired by Francisco de Haro, and in 1846 he was living in them. The land had been enclosed since by his son-in-law, Charles Brown. De Haro died there in 1848. The house was repaired by de Haro.

Francisco de Haro, over his own signature, represents: "That being established in the establishment of Dolores, in houses of the name called 'Mayor domos,' opposite the principal house and plaza; and, as I obtained them from the prefect of the 1st district, Don Jose Ramon Estrada, I solicit of your excellency the legitimacy in property, for the expenses that I have to make to repair them, to live therein with my family, in virtue of my services rendered, receiving grace from your excellency, by adding fifty varas eastward of the houses, inasmuch as I beg most humbly, &c."

MONTEREY, *August* 16, 1843.

MOST EXCELLENT SIR: Whereas the citizen Francisco de Haro has rendered interesting services to the nation and to the Departmental Government, and in virtue of his being already in possession of the houses solicited by previous consent of the Government, as it is shown by the concession of the prefect of the district, I have concluded by these presents, in conformity and ratifying said concession jointly with the fifty varas to the eastward of said houses, as solicited.

The judge of San Francisco will have it so understood, for the cases that may occur upon informations in relation to the new town of Dolores.    ALVARADO.

This claim was at first held not to be valid, and was consequently rejected by the commissioners. From this decision there was an appeal to the District Court. On this appeal a

witness, Candelario Valencia, was sworn, who says he is forty-eight years of age, and resides in the mission of Dolores, San Francisco county, California. The witness first knew Francisco de Haro about thirty years since. He is now dead; he died in 1847 or 1848, at the mission of Dolores, and in the building now occupied by Louis Pruso, which is on the northeast of Centre and Dolores streets. The lot on which this house is situated is a fifty-vara lot.

To the question, who are the heirs of Francisco de Haro? the witness answers: At the time of his death he left eight children—one died without issue; the names of those living are as follows; Josefa de Haro, wife of James Dennison—she was formerly wife of Guerrera, now dead; Rosalia de Haro, formerly wife of Mr. Andrews, deceased—now wife of Charles Brown; Natividad, formerly wife of Ignacio Castro, deceased, and now of Paul Tissot; Prudencia, unmarried; Candelaria, unmarried; Charlotta, wife of Fish. Dennison, brother of James; and Alonzo, not yet of age. Francisco de Haro lived in the house ten years. It was formerly part of the establishment of the mission, and was occupied by the mayor domos; it fronts upon the plaza of the mission, and also is opposite the principal house of said mission. Since the death of Francisco de Haro, it has been occupied, and is still, by the tenants of his heirs. Dolores and Centre streets have always existed, since the mission was established, but had not their present names; in fact, they had no names. This lot in question had the same position that it now has; a surveyor, without any difficulty, could locate said lot.

The witness says that he has lived at the mission Dolores for the last sixteen years, and has seen all that he has testified to.

The final decree of the Circuit Court before both the judges was as follows:

This cause came on to be heard upon the transcript of the proceedings in the board of the United States land commissioners, &c., and upon the proof taken in this court upon the appeal from the decision of the said board, taken therefrom by the complainant; and upon hearing counsel for appellants and

respondent, and due deliberation being thereupon had, &c., it is ordered, adjudged, and decreed, that the decision and decree of the said board be, and the same hereby is, reversed.

And it is further ordered, adjudged, and decreed, that the claim of the said appellants to the land claimed by them is valid, and that the same be, and hereby is, confirmed to them.

The land whereof confirmation is made is that certain fifty-vara lot, situated in the mission Dolores, on the northeast corner of what are known as Centre and Dolores streets, on which lot there is a house which formerly formed a part of the establishment of the mission Dolores, occupied by the mayor domos thereof—said lot fronting on the plaza, opposite to the principal house of said mission, and which lot was in the occupancy of Francisco de Haro for some years previous to his death, and has been recently in the possession of one Louis Pruso, as tenant of the claimant, together with and adding fifty varas to the eastward and immediately adjoining said houses.

Subsequently, a notice was served on the district attorney, that the counsel for the complainants will move the court, on the 14th of September, 1857, on that day, or as soon thereafter as counsel can be heard, that the decree entered in this cause be reformed, by adding to the description of the property confirmed by the said decree, "together with the parcel of land, fifty varas square, to the eastward thereof. San Francisco, September 10th, 1857."

Afterwards, on motion of the district attorney of the United States, "it is ordered that the decree heretofore rendered at this term in the above case be set aside, and that the cause stand for reargument at the next term of this court."

And the final entry, upon filing and reading the affidavit of B. S. Brooks, and upon inspection of a traced copy of the original grant of title, whereof confirmation was heretofore made, certified in due form from the office of the surveyor general, from which it manifestly appears to the court that the said grant was originally made and dated by Governor

Alvarado during his term of office, and that the date which it now bears is an evident alteration against the interests of the claimants, and therefore not to be imputed to them; and upon filing a notice of motion and due proof of service thereof upon the district attorney of the United States, and counsel having been heard for both parties, on motion of Mr. Williams, of counsel for the claimants, it is ordered that the order heretofore made in this cause, setting aside and vacating the decree heretofore made confirming the claim, be, and the same is hereby, vacated, set aside, and annulled, and said decree revived and reinstated.

From this decree there was an appeal to the Supreme Court of the United States by the Government.

"It appears that an undisturbed possession of the property claimed has been in the possession of Francisco de Haro and his heirs sixteen years, and it does not appear that any one has claimed or exercised a possession or right of possession over the premises. The copy of the original grant of title, whereof confirmation was heretofore made, certified in due form from the office of the surveyor general, from which it manifestly appears to the court that the said grant was originally made and dated by Governor Alvarado during his term of office, and the date which it now bears is an evident alteration against the interests of the claimants, and therefore not to be imputed to them." This, being the language of the court, imparts verity to the grant, and would seem to settle all doubt on the subject.

There were some old houses on the land at the time of the grant, which belonged to the mission, but it would seem no longer belong to it.

Upon the whole, we cannot doubt, from the title papers, and especially from the sixteen years' possession which has been enjoyed by De Haro and his heirs—using the property as their own, claiming it under the grant—that the title should be confirmed; and it is hereby confirmed.