UNITED STATES *vs.* JOHN WILSON.

1. A grant by Pio Pico, the last Mexican Governor of California, dated on the 10th of July, 1o46, being after the conquest of the country, adds nothing to the strength or justice of a claim set up to the land by the grantee.
2. But it was the practice and usage of the Mexican Government in California to set apart, for the use of the Indians, small lots of land appurtenant to the houses in which they lived around the missions.
3. Where a person claims a lot under such a distribution among the Indians of a mission, and shows that the grantee and his assigns have lived upon it for a long time, the title ought to be confirmed.

Appeal from the District Court of the United States for the northern district of California.

This was a claim for a tract of land lying near to the mission of San Luis Obispo, containing 300,000 square varas, or about fifty acres of land, and called *La Huerta de Romualdo.* The claim was based on a grant to one Romualdo, an Indian, by Pio Pico, dated on the 10th of July, 1846. But there was evidence to show that the grantee and those claiming under him had been in possession from a period long anterior to the date of the grant, and that he was put in possession by the legal authorities of the country agreeably to the customs and usages which prevailed concerning the distribution of lots at the missions among the Indians, or " children of the missions," as they are called by the Church. The special circumstances connected with the grant of this tract to the Indian Romualdo. were detailed in the testimony of Bonilla, the Alcalde of the district, who declared that he acted under the express order of the Governor (Alvarado,) that he placed the grantee in possession, and that he kept a record of his acts, which was lost.

*Mr. Black,* of Pennsylvania, for the United States. No confirmation can be had under the grant by Pico, because its execution and delivery before the conquest is not shown. *Camberton,* (21 How., 59;) *Fuentes,* (22 How., 443;) *Pico,* (22 How., 406;) *Teschmaker,* (22 How., 392;) *Vallejo,* (22 How., 416;)

*Bolton,* (23 How., 341;) *Osio,* (23 How., 273;) *Luco,* (23 How., 515;) *Pico,* (23 How., 321;) *Palmer,* (24 How., 125;) *Castro,* (24 How., 346.) The claim must rest upon the testimony of Bonilla and the fact of possession, and it is submitted to the court to say whether that be sufficient. The title is good if it was made according to the laws, customs, and usages of Mexico. There certainly was a custom to distribute lands near the missions among the neophytes. If the history of the country as ascertained from the numerous records which this court has seen shows that the custom existed long enough and was sufficiently uniform to give it the force of law, and if this record proves that it was strictly observed in the present case, then, perhaps, there is no sound objection to the affirmance of the decree of confirmation. The honesty of the claim is not denied, and it has been, as this court knows, the constant policy of the United States not to interpose far-fetched or capricious objections against claims which seemed to be made in good faith for small quantities of land, especially where the claimant was in actual possession himself at the time of the revolution in the government.

No counsel appeared for the claimant.

Mr. Justice NELSON. This is an appeal from a decree of the District Court for the southern district of California.

The tract of land in dispute is situated at the mission of San Luis Obispo, called the Huerta de Romualdo, and is one thousand varas in length and three hundred in breadth, containing some fifty acres of land. Wilson, the claimant below, derived his claim from an Indian by the name of Romualdo, in 1846. In 1842, Governor Alvarado directed Bonilla, the Alcalde at the mission of Obispo, to distribute lands of the mission among the Indians residing there, in separate parcels, as might be deemed proper, proportioning the quantities according to the merits and abilities of each one, putting them into possession immediately.

The Alcalde, who is a witness on behalf of the claimants, states that, under this order of the Governor, he distributed

lands contiguous to the mission, some two miles in length, and at other different points about a mile, where these Indians had their houses and gardens. The lands were given, as to quantity, with regard to the number in the family, the maximum generally being two hundred varas, and the minimum one hundred.

The Alcalde states that he did not set off to Romualdo the land he claimed at the time, as the tract was of greater extension than he gave the others; but that the Indian afterwards, in the same year, brought a special order from the Governor, which directed him to put Romualdo into the possession of the entire extension of the "Huerta," on which he lived. The Alcalde testifies to the genuineness of this special order. He gave the possession to the Indian accordingly. A record was kept of the distribution of these lands in a book in his office, as well as the orders from the Governor; but this book was lost, with all the archives of his office, in 1846, when the American troops passed through the mission. Romualdo had worked for the Governor, and his good conduct was recommended in the special order for the distribution of his Huerta to him. He was advanced in age, and had lived on this place for many years, and had under cultivation, according to opinion of the Alcalde, a fourth of the land.

There is a grant of Pio Pico to the Indian of the same piece of land, dated 10th July, 1846; but this was after the conquest of the country by this Government, and adds nothing to the strength or justice of the claim. The right stood before the commissioners principally upon this grant of Pio Pico, and it was rejected for the reason stated.

The further proof by Bonilla of the claim under Alvarado was given before the district judge. The only evidence of this source of claim before the commissioners was the certificate of Alvarado and of Bonilla, which was properly regarded as incompetent and inadmissible. The district judge confirmed the claim.

The title seems to be in conformity with the practice and usage of the Mexican Government, in setting apart small tracts connected with the huts or houses in which the Indians lived

around the missions, and which were cultivated as gardens. In the present instance, the possession and cultivation were of considerable duration; and, according to the testimony of the Alcalde, the distribution and assignment of the Governor was intended to be permanent, as a home to the occupant. The claim appears to be an honest one, unaccompanied with suspicion; and, under the circumstances, we think was properly confirmed.

It comes within the principle of the case of *The United States* vs. *De Haro's Heirs*, (22 How., 293.)

As there is some question as to the extent of the claim, the petitioners setting up a right to a much larger tract than stated in the evidence in the case that belonged to Romualdo, and as the confirmation also is a confirmation to Wilson, the petitioner, we shall modify the decree of the court below, so as to confirm the claim as if presented in the name of the original claimant to him and his legal representatives; and, further, that the judge of the court below may direct a survey of the claim, if applied for by the Government.

*With these modifications the decree below is affirmed.*