## COMMONWEALTH *vs.* CHARLES L. SWASEY.

Bristol.    Oct. 26, 1881; Oct. 26. — Nov. 25, 1882.    C. ALLEN & COLBURN,
JJ., absent.

Under the St. of 1877, *c.* 133, which provides that in each of the cities of the Com-
monwealth, except Boston, the mayor and aldermen shall appoint two persons,
"who together with the city physician shall constitute the board of health of
such city," and under the St. of 1878, *c.* 21, which provides that, "in the cities
of the Commonwealth where the city physician is *ex officio* a member of the
board of health, said city physician shall be appointed by the mayor, with the
approval of the board of aldermen, for a term of three years," the office of city
physician is established in a city whose charter and ordinances make no pro-
vision in terms for such an office.
If a statute fixes the term of office of an officer of a city, who is to be appointed
by the mayor with the approval of the board of aldermen, it is unnecessary that
the term of his office should be expressed either in the nomination of the mayor
or in the approval by the board of aldermen.
Where a city physician is *ex officio* a member of the board of health, his title to his
office may be tried by an information in the nature of a *quo warranto.*
If a person is wrongfully holding a public office, he may be ousted on an informa-
tion in the nature of a *quo warranto,* although the term of the person who was
entitled to the office when the information was filed expires before judgment is
rendered.

INFORMATION in the nature of a *quo warranto,* filed February
15, 1881, by the Attorney General in behalf of the Common-
wealth, alleging that the defendant was usurping the office of
city physician of the city of New Bedford. Hearing before
*Morton,* J., who reported the case for the determination of the
full court.    The facts appear in the opinion.

The case was argued in October 1881, by *F. A. Milliken,* for
the Commonwealth, and by *W. C. Parker,* for the defendant;
and was reargued in October 1882, by *Milliken,* for the Com-
monwealth, and by *H. E. Swasey & G. R. Swasey,* for the de-
fendant.

FIELD, J.    It appears that, on January 28, 1879, the mayor of
the city of New Bedford nominated to the board of aldermen for
city physician John H. Mackie, which nomination was confirmed
by the board of aldermen; that at the same time he nominated
two members of the board of health, one for one year and one
for two years, which nominations were also confirmed; that the
board, composed of these three persons, organized on the first

Monday of February 1879; and that, on the happening of vacancies in the offices respectively of the two members of the board, other than the city physician, new members have been duly appointed, and that this organization of the board has continued until the present time.

At the time of the appointment of Mr. Mackie as city physician, there was no ordinance of the city establishing the office of city physician, and there was no provision in the city charter in terms establishing such an office. The ordinance "creating the office of city physician and defining the duties of the same," which is set out in the papers, was approved by the mayor on February 1, 1881; and on February 3, 1881, the mayor, "assuming and pretending that there was no city physician in said city," nominated the defendant to be city physician, which nomination was confirmed by the board of aldermen, and the defendant, under this appointment, has entered upon the duties of the office of city physician, and, by virtue of this office, upon the duties of a member of the board of health. Mr. Mackie has not resigned the office of city physician, has not been removed therefrom for cause, and was then, and ever since has been, ready and willing to perform the duties of the office. The St. of 1877, c. 133, was duly accepted by the city of New Bedford, pursuant to the sixth section thereof.

The questions for our decision are whether the St. of 1877, c. 133, and 1878, c. 21, established the office of city physician for the city of New Bedford, and whether, under the appointment made January 28, 1879, Mr. Mackie became the city physician for the term of three years, unless sooner removed for cause. If there were no vacancy in the office of city physician at the time of the appointment of the defendant, his appointment, having been made to take effect immediately, would be void, and the assumption by him of the duties of the office would be an intrusion.

The St. of 1877, c. 133, § 1, implies that in each of the several cities of the Commonwealth, except the city of Boston, to which the statute does not apply, there was an officer known as a city physician, who, if the city accepted the act, would, with the two persons to be appointed pursuant to it, constitute the board of health of the city. The report finds that there was

such an office established by charter or ordinance in most of the cities of the Commonwealth, although not in New Bedford.

The statute made provision for the appointment and removal of the two other members of the board, but was silent as to the appointment and removal of the city physician, assuming that the office of city physician under existing laws was established in each of the cities, and leaving the appointment and removal of this officer unchanged. But it is found in the report, that the mode of appointment and the tenure of office of the city physician, in the different cities where such an office was established before the passage of this statute, were not the same; and, apparently to secure uniformity in the mode of appointment and in the tenure of office of city physicians in the several cities of the Commonwealth which had accepted the St. of 1877, c. 133, the St. of 1878, c. 21, was passed. The first section of the last-named statute is: " In the cities of the Commonwealth where the city physician is *ex officio* a member of the board of health, said city physician shall be appointed by the mayor, with the approval of the board of aldermen, for a term of three years; and shall be subject to removal, for cause, by the same authority." This must mean the cities of the Commonwealth which had accepted the St. of 1877, c. 133; for our attention has not been called to any other statute whereby the city physician was made *ex officio* a member of the board of health of a city. The section must be construed to include all cities where, by the provisions of law, the city physician is made *ex officio* a member of the board of health. Without therefore determining whether the city of New Bedford, after the passage of the St. of 1877, c. 133, and before the passage of the St. of 1878, c. 21, could lawfully, either under the authority of the St. of 1877, c. 133, or under the authority of the General Statutes relating to cities, or under its charter, have by ordinance established the office of city physician, and appointed some person to that office, we are of opinion that, after the St. of 1878, c. 21, was passed, the city of New Bedford could appoint a city physician in accordance with the terms of that statute, who would be *ex officio* a member of the board of health of the city, constituted pursuant to the St. of 1877, c. 133. The two statutes taken together must be

construed to have established such an office for the city of New Bedford.

As both the mode of appointment and the tenure of the office are defined by the St. of 1878, *c.* 21, it was unnecessary that the term of office should be expressed either in the nomination of the mayor or in the approval of the board of aldermen. As a city physician appointed pursuant to these statutes is by virtue of his office a member of the board of health, which is invested with important powers to be exercised for the safety and health of the people, he is a public officer, and the title to this office can be tried by an information in the nature of a *quo warranto.*

The term of office of Mr. Mackie has expired since the argument in this court, but it is not the purpose of an information in the nature of a *quo warranto* to put any person into office, but to determine by what warrant the defendant holds the office which he assumes to hold. There must therefore be judgment, against the defendant, of ouster from the office of city physician under the appointment made by the mayor and aldermen of the city of New Bedford on February 3, 1881.        *Ordered accordingly.*