ATTORNEY GENERAL *vs.* ARTHUR McCABE.

Suffolk.    November 8, 1898. — January 7, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*City Physician — Board of Health — Statute — Ordinance — Alien.*

The St. 1878, c. 21, (Pub. Sts. c. 80, § 15,) relating to the office of city physician, is confined to cities which have accepted St. 1877, c. 133, or the corresponding provisions of the Public Statutes, relating to the board of health in cities.

In the absence of statutory authority, the city council of a city cannot delegate to the mayor its power to appoint a board of health.

Judicial notice cannot be taken of the ordinances of a city, unless they are put in evidence.

A person elected, under St. 1873, c. 246, § 13, city physician of Gloucester, which city is not shown to have accepted St. 1877, c. 133, relating to the board of health in cities, appears to have been duly elected, but he is not *ex officio* a member of the board of health under the provisions of an ordinance which purports to delegate to the mayor the power of the city council to appoint a board of health.

An alien is eligible to the office of city physician of a city, if he is not *ex officio* a member of the board of health.

INFORMATION, in the nature of a *quo warranto*, filed February 4, 1898, alleging that the respondent was usurping the office of city physician of the city of Gloucester. Hearing before *Holmes*, J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*H. J. Edwards & R. E. Harding*, for the respondent.

*E. S. Taft*, for the relator.

FIELD, C. J.   Section 13 of St. 1873, c. 246, being the charter of the city of Gloucester, is as follows: " The city council shall annually, as soon after their organization as may be convenient, elect by joint ballot in convention, a treasurer, collector of taxes, city clerk, one or more superintendents of highways, and a city physician, and by concurrent vote a city solicitor and city auditor, who shall hold their offices respectively for the term of one year, and until their successors are chosen and qualified; provided, however, that either of the officers named in this section may be removed at any time by the city council for sufficient cause."   Section 29 of said chapter is as follows: " All power and authority now vested by law in the board of health of

the town of Gloucester, or in the selectmen thereof, shall be transferred to and vested in the city council, to be by them exercised in such manner as they may deem expedient."

The report of this case by the single justice is as follows:

" It was admitted that the respondent was elected city physician on January 3, 1898, by the city council of Gloucester, by joint ballot in convention, and was sworn in as member of the body acting as board of health on January 4, 1898, subject to the question whether such an election was valid, and whether said board of health was lawfully appointed, as will be stated.   He was elected chairman of said board, and has continued to act as such.   At the foregoing dates, the respondent was an alien, although he was naturalized on January 15, 1898.   By chapter 12, section 1, of the ordinances of Gloucester, printed in 1886, which may be referred to, ' In the month of January the mayor shall appoint, subject to the approval of the city council, two persons, not members of the city council, who, together with the city physician, shall constitute the board of health of the city of Gloucester. The persons so appointed shall enter upon the duties of their office forthwith.' . . .

" The board of health above referred to was appointed under this ordinance.   The respondent denied the validity of the ordinance, on the ground that by the charter, St. 1873, c. 246, § 29, ' All power and authority now vested by law in the board of health of the town of Gloucester, or in the selectmen thereof, shall be transferred to and vested in the city council, to be by them exercised in such manner as they may deem expedient.'   The respondent also contended that this was a ' different provision made by law,' which excluded the operation of Pub. Sts. c. 80, § 4, or St. 1895, c. 332.   The relator contended that, either by the charter or by the last cited statutes, the appointment of the board of health was valid, and, if so, it was not denied that the respondent, if duly elected, would be a member of it *ex officio* under the ordinance.

" The respondent further contended that, if the above proposition should be ruled against him, still his office was open to be held by an alien.   The relator maintained the contrary, and also that the election of the respondent was void by St. 1878, c. 21, now embodied in Pub. Sts. c. 80, § 15, which, he contended,

repealed § 13 of the charter, in pursuance of which the respondent was elected, so far as that section referred to the city physician, the city having continued to elect in the old way since the passage of the act of 1878. The city has appointed a board of health in the mode above stated since 1881, inclusive, and in other ways from an earlier date. The respondent is not entitled to hold his office unless this report discloses a right on his part to do so. Whether such a right is disclosed I report for the consideration of the full court."

Gen. Sts. c. 26, §§ 1, 2, in force when the charter was passed, are as follows: " Section 1. A town respecting which no provision is made by special law for choosing a board of health may, at its annual meeting or at a meeting legally warned for the purpose, choose a board of health, to consist of not less than three nor more than nine persons ; or may choose a health officer. If no board or officer is chosen, the selectmen shall be the board of health. Section 2. Except where different provision is made by law, the city council of a city may appoint a board of health ; may constitute either branch of such council, or a joint or separate committee of their body, a board of health, either for general or special purposes, and may prescribe the manner in which the powers and duties of the board shall be exercised and carried into effect. In default of the appointment of a board with full powers, the city council shall have the powers and perform the duties prescribed to boards of health in towns." See Pub. Sts. c. 80, §§ 3, 4.

The ordinance referred to in the report as c. 12, § 1, of the ordinances of Gloucester, printed in 1886, was plainly not passed in pursuance of any of the statutes we have cited, and we know of no statute in force in the city of Gloucester which authorizes the mayor to appoint the members of the board of health, either with or without the approval of the city council.

It does not appear that St. 1877, c. 133, was ever accepted by the legal voters of the city of Gloucester, and therefore it does not appear that Pub. Sts. c. 80, § 15, is in force in that city.

St. 1878, c. 21, now Pub. Sts. c. 80, § 15, is confined to cities which have accepted St. 1877, c. 133, or the corresponding provisions of the Public Statutes. See Pub. Sts. c. 80, §§ 7–12 ; *Commonwealth* v. *Swasey*, 133 Mass. 538. It therefore does not

appear that the city council was authorized to pass the ordinance recited in the report. In the absence of statutory authority, the city council could not delegate to the mayor its power to appoint a board of health.

We take judicial notice of the acts incorporating the city of Gloucester, as well as of the general statutes, (Pub. Sts. c. 169, § 68,) but we cannot take notice of the ordinances of the city unless they were put in evidence. We are therefore confined to the ordinances referred to in the report. The respondent appears to have been duly elected city physician by the city council, but he is not *ex officio* a member of the board of health, as the ordinance making him so does not appear to be valid. It is not contended that an alien is not eligible to the office of city physician when the city physician is not a member of the board of health.

As the respondent appears to have been duly elected city physician by the city council, the information must be dismissed.                                    *So ordered.*