[No. 1064, February 24, 1905.]

GEORGE F. ALBRIGHT, Plaintiff in Error, v. TERRI-
TORY OF NEW MEXICO, ex rel., JESUS
M. SANDOVAL, Defendant in Error.

SYLLABUS.

1.  The statute of 9 Anne, which provides for judgment of ouster, fine and costs against the respondent upon an information in the nature of Quo Warranto, is a part of the common law of this Territory.

2.  Under that statute the expiration of the term of office involved, pending the determination of the cause, does not work a dismissal of the writ of error from a judgment of the ouster.

3.  The judgment of the court below, in so far as it adjudged ouster against the respondent, was in accordance with the law of this case as declared upon the former appeal. Territory ex rel., Sandoval v. Albright, 78 Pac. 207.

4.  The purpose of Quo Warranto proceeding at common law, and in this Territory, is to oust the respondent from an office which he is alleged to hold unlawfully and not to install the relator or any person into such office.

5.  The judgment of the court below, in so far as it

ordered the respondent to deliver the books and other articles pertaining to the office involved "to relator" * * * "as the lawful custodian there," was erroneous as being beyond the scope of a Quo Warranto proceeding.

6. The remedy for the improper refusal of an appeal or supersedeas is by mandamus and not by error. Gutierrez v. Territory ex rel., Curran (decided January 25th, 1905.)

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

W. B. CHILDERS, Esq., for plaintiff in error.

Residence in the county is a necessary qualification to the holding of the office of county assessor.

> Mecham on Public Officers, Secs. 82 and 67; State v. McMillan, 23 Neb. 385; 36 N. W. 387.

It was not necessary to raise a purely jurisdictional question specifically. It was necessary that the court should hold that it had jurisdiction on appeal in order to decide the case.

> Great Western Tel. Co. v. Burnham, 162 U. S. 342.

### BRIEF ON MOTION TO DISMISS WRIT.

The judgment of this court reversing the judgment of the district court and remanding this case to the district court for further proceedings was not a final judgment, and was not subject to review in the supreme court of the United States.

> Werner v. Charleston, 151 U. S. 360; Meagher v. Minnesota Thresher Co. 145 U. S. 608; Rice v. Sanger, 144 U. S. 197; Hume v. Bowie, 148 U. S. 245; Baswick v. Brinkerhoff, 106 U. S. 3, and cases cited.

As to appeals to the supreme court of the United States.

> Clayton v. Utah, 132, U. S. 632; Baltimore, etc., v. Hopkins, 130 U. S. 210; United States v. Addison, 22 Howard, 174; United States v. Addison, 6 Wall. 291.

Questions of reversal or affirmance appertain to the merits of the controversy and will not be determined on a motion to dismiss.

> New Orleans R. R. v. Morgan, 10 Wall. 262; Sparrow v. Strong, 3 Wall. 105; The Eutaw, 12 Wall. 141; Hecker v. Fowler, 1 Black. 95; Central R. R. Co. v. Kergan, 160 U. S. 259; see also Hill v. Chicago, etc., Ry., 129 U. S. 107; Harrington v. Holler, 111 U. S. 796.

### BRIEF ON MOTION TO QUASH SUPERSEDEAS.

. A proceeding in quo warranto is a common law proceeding and our statute does not change it.

> Territory v. Lockwood, 3 Wall. 238; Sections 1000 and 1007, Revised Statutes, United States Slaughter House cases, 10 Wall. 289.

And when the failure to grant a supersedeas has been the fault of the courts, a supersedeas may be granted nunc pro tunc.

> Sage v. Central R. R. Co. 93 U. S. 412; Commissioners v. Gorman, 19 Wall. 662; 112 U. S. 203; Hardman v. Anderson, 4 How. 644; 4 Notes Sup. Co. Rep. 532.

The power to fix the amount of the supersedeas bond is a part of the appellate jurisdiction of the court.

> Louisville, etc., R. R. v. Pope, 74 Fed. 7; Black v. Tachariex Co., 3 How. 494-5; Notes to Supreme Court Reports 444.

The supreme court recognizes that the defendant is entitled to a supersedeas in quo warranto proceedings relating to offices.

> Foster v. Kansas, 112 U. S. 201; see also United States v. Addison, 22 Howard 174; Co. Op. Ed. Vol. 16, p. 304; Wilson v. North Carolina, 169 U. S. 598.

A writ of error at common law operated as a supersedeas by implication.

> Borrego v. Territory, 8 N. M. 463; Kitchen v. Randolph, 93 U. S. 87; Kohlsaat v. Murphy, 96 U. S. 159; 9 Notes to Supreme

Court Reports, 394; Chicago Ry. Co. v. United States, 127 U. S. 406; 11 Notes to Supreme Court Reports, 584; United States v. Gear, 3 Howard, 131; 4 Notes to Supreme Court Reports 402; Davies v. Fairbairn, 3 How. 644; Bank v. Harrison, 8 Fed. 721; United States v. Wiley, 11 Wallace 515; Rosencrans v. United States, 165 U. S. 262; McCool v. Smith, 1 Black, 459, 486; U. S. v. Tynen, 11 Wall. 88, 93; Red Rock v. Henry, 106 U. S. 596, 601; Henderson's Tobacco, 11 Wall. 652; King v. Cornell, 106 U. S. 395, 396; Frost v. Wenie, 157 U. S. 58; N. Am. T. & T. Co. v. Smith, 93 Fed. 7; 90 Fed. 222.

Repeals by implication not favored.

Chew Heong v. U. S., 112 U. S. 550; Hartford v. United States, 8 Cranch 110; Patterson v. Winn, 11 Wheaton 386; Converse v. United States, 21 How. 467; U. S. Babbitt, 1 Black, 60; Mills v. Scott, 99 U. S. 28.

NEILL B. FIELD, for defendant in error.

The term of the office which was in controversy having expired there is nothing upon which the judgment of this court could operate, and this court can give the plaintiff in error no effectual relief.

California v. San Pablo, etc., Railroad, 149 U. S. 314; Kimball v. Kimball, 174 U. S. 163; Mills v. Green, 159 U. S. 651; State v. Wickersham, 47 Pac. 421; Hice v. Orr, 47 Pac. 424.

In quo warranto proceedings the burden is on the party defendant to show a complete title to the office in dispute, otherwise judgment of ouster must be rendered against him.

State v. Chatfield, 71 Conn. 110; Lyons & Co. v. People, 68 Pac. 276; Larke v. Crawford, 28 Mich., 88.

See also in this connection:

Stewart v. Salamon, 97 U. S. 362; Clark v. Keith, 106 U. S. 464; Cook v. Porter, 11

Wall. 677; Ry. Co. v. Anderson, 149 U. S.
242; In-re Sanford Tool Co., 160 U. S. 247.
As to the form of judgment.
Wilson v. North Carolina, 16 U. S. 599;
Foster v. Kansas, 112 U. S. 201.
The refusal to grant an appeal and supersedeas, if
erroneous, could only be corrected by mandamus.
Prosser v. Chapman, 29 Conn. 515; U. S.
v. Gomez; 3 Wall. 752; Ex-parte Zellner, 9
Wall. 244; Ex-parte Jordan, 94 U. S. 248;
Ex-parte Cutting, 94 U. S. 14; Ex-parte Rail-
road Co. 95 U. S. 221.
Our courts have no inherent power to grant a super-
sedeas, in any action, unless authorized by some statute
of the Territory.
20 Ency. Pl. & Pr. 1215, and cases cited;
Sec. 883, Compiled Laws N. M. 1897.
As pertinent to this case see
Fawcett v. Superior Court, 46 Pac. 390;
Graves v. McGuire, 6 Paige 381; Jane v. Dror-
baugh, 63 Iowa 716; Dulin v. Pac. Co. 98;
Cal. 307; Olmstead v. Distilling Co. 73 Fed.
45; Wilson v. North Carolina, 169 U. S. 598.

### OPINION OF THE COURT.

POPE, J.—This case was considered by this court up-
on the former appeal; Territory v. Albright, 78 Pac. (N.
M.) 205, when the cause was reversed and remanded with
directions to reinstate and for further proceedings in ac-
cordance with the opinion of the court. Upon presenta-
tion of the mandate to the court below, the relator Sando-
val, moved the court to enter final judgment of ouster and
for costs, which motion the court denied, but ordered the
cause reinstated, vacated the judgment formerly entered
in favor of the respondent Albright, and sustained the
demurrer of the relator to respondent's answer, with leave
to the respondent to file an amended answer. This was
done by respondent and relator thereupon moved for judg-
ment on the pleadings, which motion was sustained and
final judgment entered declaring the respondent not en-
titled to the office in controversy and adjudging costs in

favor of the relator. Respondent thereupon prayed an appeal and supersedeas, each of which being denied, a writ of error was sued out in this court.

Preliminary to the consideration of the case upon its merits, there are two motions for determination. The first of these is the motion to quash the writ of supersedeas, heretofore granted by this court. The functions of that writ are co-extensive simply with the duration of the present appeal, and expire with it. As the effect of the disposition to be presently made of the main case is to determine the *supersedeas* as effectually as if the writ were now quashed, we find it unnecessary to determine this motion or to re-examine the grounds upon which the writ was originally granted.

The second motion interposed is for the dismissal of the writ of error upon the ground that the term of office of the respondent has expired and that there is now nothing upon which the judgment of this court, in case of a reversal could operate.. In support of this motion there have been cited a number of cases from the supreme court of the United States which hold generally that, an appeal will be dismissed whenever it is evident that the decision if rendered, will have nothing upon which it can operate and will be in effect a mere moot decision. California v. San Pablo, etc., R. R., 149 U. S. 314; Mills v. Green, 159 U. S. 651. It is also urged that in Kimball v. Kimball, 174 U. S. 163, it was held that the appeal will be dismissed under such circumstances, notwithstanding the fact that the adjudication left standing by the dismissal will be of great importance in the determination of the other controversies in which one of the parties may be interested. We are not disposed to question the correctness of the rule established by those cases, but we are of the opinion that they have no application to the case here presented. At common law as well as under the Statute of Anne, the judgment rendered upon *Quo Warranto* informations was that of ouster, if the respondent should be found guilty of usurpation, with costs and sometimes a nominal fine (High. Ex. Leg. Rem. Sec. 752), although the fine has usually been omitted under the American practice. (State Bank v. State, 1 Blackf. 267;

State v. Brown, 5 R. I. 1). From a very early date it has been held that at common law the cessation of the usurpation before judgment did not terminate the proceeding. In King v. Williams, 1 W. Bl. 93, decided in 1757, it was held that there should be a judgment of ouster though the usurpation was not continued to the trial. As is said in High on Extraordinary Legal Remedies, Sec. 754: "As regards the judgment of ouster at common law, it is to be observed, that it is not at all dependent upon whether the respondent does or does not claim a right to exercise the office or franchise in controversy; the question being whether he has done any act which necessarily implies a claim to its exercise. And if such an act can be shown, judgment of ouster will be given notwithstanding the usurpation has ceased before the trial. (Citing Rex. v. Williams, I W. Black. 93). So where a statute gives the prevailing party in proceedings upon a Quo Warranto information the right to costs absolutely, the court will give judgment of ouster, notwithstanding the information is entirely fruitless, the term of office having long since expired. (Citing People v. Loomis, 8 Wend. 396.) And the fact that the respondent's term of office has expired pending the proceedings will not prevent judgment of ouster against him. (Citing Hammer v. State, 44 N. J. L. 667.)

We have examined the cases cited in the text just quoted, and we find that they, and indeed, generally speaking the best considered American cases all hold that the expiration of the term constitutes no reason for dismissal. A few of these cases will be noted. In Hunder v. Chandler, 45 Mo. 452, it is said: "Information in the nature of a *Quo Warranto* to try the right to a public office may be tried after the term has expired or the officer holding has resigned if the information was filed or proceedings begun before the resignation took place or the term had expired."

So, in People v. Hartman, 12 Mich., 508, it is said: "An information to try the right to a public office will not be dismissed on the ground that the office has expired since information filed. To oust the incumbent is not the sole object of the proceeding, but under the statute, if he is

found guilty of the intrusion, a fine may be imposed, and costs recovered; and if the relator claims the office and is found entitled to it he may recover damages.

And in People v. Rogers, 118 Cal. 394, it is said: "Under the statute governing the subject the removal of the usurper, is not the sole object which is or may be accomplished by the proceeding; judgment may be rendered upon the right of the defendant, and also upon the right of the party, if any alleged to be entitled to the office; if against the defendant he must pay the costs and at the court's discretion a fine; it is also the foundation of a recovery by the rightful claimant of damages occasioned by the usurpation (Code Civil Pro., 805, 807, 809.) When, as in this instance the action has been brought during the usurpation and such consequences may flow from the judgment, it ought not to be held that the action must abate, merely because efflux of time or other circumstance which does not toll the legal wrong of the intrusion, has put a period to the disputed term. And to this effect is the decided preponderance of authority (Citing People v. Hartwell, 12 Mich. 508; State v. Pierce, 35 Wis. 93; Hunt v. Chandler, 45 Mo. 452; People v Loomis, 8 Wend. 396; Com. v. Jackson, 45 Pa. St. 49.) Some cases cited by appellant—to which may be added Herd v. Beck (Kans.) 45 Pac. 92—are distinguishable; they proceed on the assumption that after the expiration of the usurped term no substantial right was involved."

So, in Wisconsin, where the statute is practically the same as the California statute, it is held (State v. Pierce, 35 Wis. 93) that the cause may be prosecuted to final judgment after the expiration of the term as a fine and costs may be imposed and damages recovered thereafter. In Com. v. Swasey, 133 Mass., 538, it was said: "The term of office of Mr. Mackie, has expired since the argument in this court, but it is not the purpose of an information in the nature of a Quo Warranto to put any person into office but to determine by what warrant the defendant holds the office which he assumes to hold. There must, therefore, be judgment, against the defendant of ouster from the office of city physician under the appoint-

ment made by the mayor and aldermen of the city of New Bedford, on February 3rd, 1880."

So in Nebraska (Dean v. State, 56 Neb. 302), it is said:

"Of the questions discussed, that naturally first presenting itself for decision is whether this court will review the proceedings of the district court at this time, it appearing that the term of office in controversy has expired. It is insisted that the case therefore falls within the rule followed by many courts, that where no effective judgment can be rendered except for costs, a case will be denied further consideration. This was not a proceeding by the public prosecutor to oust an usurper, but one by a rival claimant to the office, a judgment in which it would be necessary to adjudicate the title to the office as between the parties. We must assume that the office in dispute is a lucrative office, * * and an adjudication of the title in the proper proceeding is essential to establish the rights of the parties to the emoluments. This is a property right and cannot be denied because the delay occasioned by the crowded condition of our docket has rendered the active part of the judgment ineffective."

In Hammer v. State, 44 N. J. L. 671, it is held, citing numerous English cases, that the law is well settled that though the usurpation be not continued to the trial, there should be judgment of ouster. In the much cited case of People v. Loomis, 8 Wend, 396, it is said: "The remedy must be entirely fruitless in this case, as the term of office of the defendants has long enough expired. If application has been made for the Quo Warranto we should have denied it as it was done in People v. Sweeting, (2 Johns, R. 184) although judgment of ouster will be unavailing and the damages, if a suggestion be made, must be very trifling, still I am of opinion we cannot suspend the judgment as the revised statutes are imperative and give to the prevailing parties costs."

In the case of Commonwealth v. Smith, 45 Pa. St. 60, it is said by the court through Mr. Justice Woodward: "I have no doubt that *Quo Warranto* brought within the term of an office, may be well tried after the term has expired." A number of these decisions are from the states

which like ourselves have no statutory provisions as to
*Quo Warranto* and thus squarely in point.    While it is
true that in some of the other cases above cited (among
them those from California, Wisconsin, Missouri and New
Jersey), there were statutes involved which provide for
the recovery of a fine and costs upon *Quo . Warranto,* and
in at least the states of California and Wisconsin, these
statutes go further and provide that upon judgment ren-
dered the relator may recover by action the damages which
he may have sustained by reason of the usurpation of the
office by the defendant, we do not consider these matters
as rendering the cases inapplicable as authority in a case
arising in this Territory.    So far as the fine and costs are
concerned, that is in terms provided for by the statute
of 9 Anne Ch. 20, Sec. 5 (AD. 1710), which provides that
in the case of any person adjudged guilty of usurpation
"it shall and may be lawful to and for the said courts re-
spectively, as well to give judgment of ouster against such
person or persons, of and from any of the said offices or
franchises, as to fine such person or persons respectively,
for his or their usurping, intruding into or unlawfully
holding and executing any of the said offices and fran-
chises; and also it shall and may be lawful to and for the
said courts, respectively, to give judgment that the relator
or relators, in such information named, shall recover his
or their costs of such prosecution; and if judgment shall
be given for the defendants, in such information, he or
they for whom such judgment shall be given shall recover
his or their costs therein expended against such relator
or relators; such costs to be levied in manner afore-
said."    (High's Ex. Leg. Rem. p. 764.)    This stat-
ute is a part of the common law of this territory (Ter-
ritory v. Ashenfelter, 4 N. M. 91), and as it has not been
modified by statute in any respect it is still the law in
this jurisdiction that the court may impose a fine and
costs upon an information of the character here presented.
While it is true that the American courts have not as a
rule exercised the power to fine conferred by the Statute
of Anne, (Morris v. Underwood, 19 Ga. 559), and while
the court below did not in this instance exercise that power,
this does not detract from the fact that that power is

possessed. (State Bank v. State, 1 Black, 267; State v. Brown, 5 R. I. 1), and that were this cause reversed and remanded for a new trial it might be within the power of the court to impose such a fine. We thus find that the statutory provisions as to fine and costs existing in some of the states above cited, do not distinguish the case of those jurisdictions for the reason that in this jurisdiction as well as there, exists the liability to such fine and costs. How far the judgment in this proceeding is, independent of the statute such as exists in California and Wisconsin, available as a basis for an action for the emoluments of the office involved, we need not now determine. We note, however, that the defendant in error contends that "the judgment rendered by the district court will affect the rights of the parties in another litigation with reference to the emoluments of the office." If his position as to this be correct, then his motion is met by all of the cases above cited, which hold that when the effect of the judgment is to establish the basis of a suit, to recover emoluments, the action continues. Otherwise it would be within the power of the usurper of an office, by resignation, pending the suit, to evade all liability; or by dilatory tactics and by availing himself of the law's delays to prolong the duration of almost every suit of this kind beyond the term of office involved and thus to come free of costs, fine or damages, however flagrant, may have been his usurpation. The possibilities of this result are more than remote when it is recalled that many terms of office are only one or two years in duration, and that in the ordinary administration of justice, it often takes fully that length of time to secure from the court of final resort a decision upon the merits of the controversy. We do not believe it to be the law that a litigant can thus speculate upon the chances of a trial of his case and by delaying the hearing of the cause a sufficient length of time to accomplish the result which could never be obtained by a trial upon the merits. For the reasons above stated we consider the cases just cited as stating the law applicable in this jurisdiction, and this notwithstanding the fact that in some instances there were local statutes whereas, we have none on this subject. In reaching this conclusion

we have not overlooked the fact that there are cases which declare the rule to be as contended for by the defendants in error. In our judgment, however, these cases are not as well considered as those from the jurisdictions above quoted. Thus, State v. Tudor, 5 Day (Conn.) 335, while apparently holding contrary to the conclusion herein reached, cites no cases except People v. Sweeting, 2 Johns, 184. The latter case, as pointed out in the most recent case of People v. Loomis, 8 Wend, 396 *supra,* was one where the *application* was made after the term of office had expired. The Loomis case, however, expressly decides, as we have seen above, that a pending proceeding will not be dismissed because the term has expired. So in Churchill v. Walker, 69 Ga. 681, the court, while intimating that an appeal should under such circumstances be dismissed declined to dismiss that appeal although the term had expired, and proceeded to determine the case on its merits. In Homes v. Sikes, 113 Ga. 582, the question was not as to the right to continue a proceeding where the term had expired, pending the litigation, but as to the disposition to be made of the matter where there was no one occupying or claiming the office at the time of the filing of the information. So in State v. Powell, 101 Iowa 388, it was held that the cause could not be prosecuted as the term of office had expired, but this was upon the express ground that such judgment could not "be of any avail to the relator," and that "there was no money consideration involved," citing Searing v. Berry 58 Iowa 20. In this latter case it was said: "No fees attached to the office of sub-director and hence neither party had any thing to give or lose by further litigation. Courts are not organized for the purpose of determining mere abstractions. The inapplicability of this decision will be recognized when it is recalled that the office here involved unlike that there in controversy, is a highly lucrative one. So in State v. Jacobs, 17 Ohio, 153, the court, while holding that the proceeding could not be maintained after the expiration of the term of office, refers to no states in support of its position except New York and Massachusetts, which, as we have seen, from People v. Loomis, 8 Wend. 396, and Com. v. Swasey, 133 Mass. 538, *supra,* have de-

cided to the very contrary; and in the Jacob's case it is conceded that "in England, it seems not to be considered necessary that the person should continue to hold the office at the time of applying for the information." This rule in the Jacob's case, seems, however, not to have been consistently adhered to even in Ohio, for in the latter case of Hettrick v. Wilson, 12 O. S. 136, the cause was reversed at defendant's costs, but in view of the fact that he had ceased to exercise the office in question, the reversal was without judgment of ouster. We believe that most of the cases which have been relied upon as sustaining the position of respondent will be found upon close examination to be distinguishable, or hastily considered and that great weight of authority both in England and in this country, is as we have here decided. The motion to dismiss will be accordingly overruled.

Coming now to a consideration of the main case we find that the errors assigned are *first,* that the court erred in sustaining relator's motion for judgment on the pleadings; *second,* in rendering judgment upon the pleadings; *third,* in entering as a part of said judgment a provision that respondent "forthwith deliver up to the relator, the records, books, papers, furniture and all other things appertaining to the office of assessor of the county of Bernalillo and Territory of New Mexico as the lawful custodian thereof;" *fourth,* that the court erred in refusing an appeal and supersedeas. As to the first and second of these grounds we are of opinion that the action of the court in this respect very strictly followed the holding of this case on the former appeal. The only change which the plaintiff in error claims to have made in the pleading is the allegation that relator was not and never has been a resident of the Territory now constituting the county of Bernalillo. The original answer, however, upon which the former appeal, was decided very fully alleges these facts and the opinion of the court discusses this very point and holds upon it adversely to the respondent. Territory v. Albright, (N. M.) 78 Pac. 207. We hold therefore that this raises no new questions but that we are bound by our former decisions on this point. The third ground of error alleged is a more serious

one. The insertion in the judgment of the paragraph directing the respondent forthwith to deliver up to the relator the records, books, papers, and other things appertaining to his office, was in effect an adjudication of the rights of the relator and went beyond what in our judgment is the scope of a *Quo Warranto* proceeding under the laws of this Territory. At common law, in proceedings of this character, the respondents' title to the office was the sole issue to be tried, and the relator's title was not in issue and was immaterial, except so far as it might be necessary to show that he has sufficient interest to maintain the proceedings, while, of course, in many cases the relator's title is incidentally considered in determining the respondent's title, still the adjudication does not operate to reinstate him in office. If after having succeeded in ousting the incumbent, the relator is not voluntarily admitted to the office he must resort to mandamus to secure possession. Strong, Petitioner, 20 Pic. 497; Prince v. Skillin, 71 Maine, 366; People v. Londoner, 13 Colo. 303; State v. Meek, 129 Mo. 431; Homes v. Sikes, 113 Ga. 583. The matter is very thoroughly discussed in the case of State v. Vail, 53 Mo. 109, where it is said: "The question raised by either form of proceeding *i. e.* by the state or by the attorney general on the relation of some private person, is whether the defendant is usurping an office or whether he is exercising functions rightfully or without warrant of law. It is not whether the relator or any one else is *de jure* entitled to it. There are no doubt decisions in some of the states which maintain that when the relator is the person claiming the office, his right to the office will be examined and determined, thus treating the proceedings as an ordinary action at law between plaintiff and defendant, the relator occupying the position of plaintiff, and, of course, having on him the burden of proof. But in such cases the departure from the common law rules and from the practice under the statute of Anne is so apparent that it is probable this statute is not in force where such opinions prevail or if re-enacted it must be with material modifications. Our statute, which is in most respects a literal copy of the statute of Anne, has adopted the English construction and practice

and authorizes a judgment of ouster and a fine, but only authorizes a judgment for the relator for costs." The court proceeds as follows: "Neither here nor under the statute of Anne is the relator necessarily a claimant of the office alleged to be usurped by the defendant. The information is filed by the proper officer at the relation of any person desiring to prosecute the same; whether the relator is the proper person and will be allowed to file such a proceeding is a preliminary inquiry of the court, and on that inquiry, whether made before or after the information is filed, the court will ascertain what interest the relator has in the information. It is well settled in England, that the relator, though not necessarily a claimant of the office must have a special interest in the matter of inquiry. * * *. But a slight interest will obviate this objection. (Citing Tackored, p. 45) * * *. In informations on the relation of persons claiming the office, the court can give no judgment for the relator except so far as costs are concerned, and the relator's title is not necessarily examined into, except so far as it may incidentally affect the right of the defendant."

We are of opinion that the court below in ordering the respondent to deliver up to the relator the records and other equipments of the assessor's office added to his judgment in *Quo Warranto* what would properly have been a judgment on mandamus, had the respondent after the judgment in *Quo Warranto* refused to deliver the office.

While, as suggested by relator, the error is one which in a certain sense can do the respondent no harm, since being not entitled to the office himself it cannot be material to him who has it, still the effect of the clause in the judgment is to adjudicate something which was not within the issues and the point being made we feel that a proper disposition of the matter is, without remanding the case to modify the judgment below by striking out the words "and that he forthwith deliver up to the relator, the records, books, papers, furniture and all other things appertaining to the office of assessor of the county of Bernalillo and Territory of New Mexico as the lawful custodian thereof." We find it unnecessary to consider the

fourth assignment of error further than to say that we have at the present term held in Gutierrez v. Territory (decided January 25th, 1905), that the remedy for the improper refusal of an appeal or supersedeas is by mandamus and not by error.

The judgment of the court below is modified in the respect hereinbefore pointed out and as thus modified is in all respects affirmed.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., Edward A. Mann, A. J., concur.

Ira A. Abbott, A. J., not having heard the argument took no part in this decision.