## ALBRIGHT *v.* TERRITORY OF NEW MEXICO *ex rel.* SANDOVAL.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 229.    Submitted November 27, 1905.—Decided January 2, 1906.

The renewal in this court of a motion to dismiss the appeal which was considered and denied by the Supreme Court of the Territory amounts to no more than an assignment of error to the action of that court in this regard, to be passed on or disposed of as such, if this court otherwise has jurisdiction.

In the proceedings in *quo warranto* in this case the alleged usurpation of the office is the matter in dispute, and the liability to fine on judgment of ouster or the effect of the judgment in a subsequent action to recover the emoluments of the office does not make that matter measurable by some sum or value in money, and an appeal to this court will not lie from the Supreme Court of a Territory under either section of the act of March 3, 1885, c. 355.

THE facts are stated in the opinion.

*Mr. William B. Childers* for appellant.

*Mr. Neill B. Field* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a proceeding *in quo warranto* brought in the District Court of Bernalillo County, New Mexico, July 20, 1903, by the Territory on the relation of Jesus M. Sandoval against George F. Albright, it being alleged that Sandoval was duly elected to the office of assessor of Bernalillo County for the term of two years from the first day of January, 1903; that he duly qualified and entered on the discharge of the duties of the office; and that he had never resigned, vacated or abandoned the office, and ever since his election and qualification had continued to discharge the duties thereof. It was further alleged that on

March 23, 1903, respondent Albright, without authority of law, unlawfully usurped the office and took possession of the assessor's room in the court house and of the books, papers and other insignia of office, claiming office by virtue of a pretended appointment by the board of county commissioners of Bernalillo County, made under the authority of an act of the legislative assembly of the Territory of New Mexico, entitled "An act to create the county of Sandoval," approved March 10, 1903, as amended by an act entitled "An act to amend section 3 of an act entitled 'An act to create the county of Sandoval,'" approved March 12, 1903.

Judgment was rendered by the District Court in favor of Albright, August 3, 1903, and carried to the Supreme Court of the Territory, which reversed the judgment and remanded the cause with directions to the court below to reinstate it and proceed in accordance with the views expressed in its opinion.  78 Pac. Rep. 204.   The mandate was filed below October 19, 1904, and on the nineteenth of November the District Court entered judgment "that the respondent, George F. Albright, has unlawfully usurped, and does unlawfully usurp, the office of assessor of the county of Bernalillo and Territory of New Mexico, from the relator, Jesus Maria Sandoval, the lawful incumbent of the said office; that the said respondent, George F. Albright, do henceforth cease and desist from in any manner intermeddling with, or attempting to perform the duties, or exercise the functions of the office of assessor of the county of Bernalillo aforesaid, and that he forthwith deliver up to the relator the records, books, papers and furniture and all other things appertaining to the office of assessor of the county of Bernalillo and Territory of New Mexico as the lawful custodian thereof," and for costs.

The case was again carried to the Supreme Court and heard upon a motion to dismiss, and on the merits, and February 24, 1904, the court denied the motion to dismiss, modified the judgment of the District Court by striking out the words "and that he forthwith deliver up to the relator the records, books, papers, furniture and all other things appertaining to the office of as-

sessor of the county of Bernalillo and Territory of New Mexico, as the lawful custodian thereof," and affirmed the judgment as so modified. 79 Pac. Rep. 719. On the same day an appeal was allowed to this court, a supersedeas bond given, which was approved March 9, 1905, and the record was filed here April 17. The case comes before us on a motion to dismiss.

The ground assigned for the motion is the expiration of the term of the office of assessor of the county of Bernalillo and the consequent lack of power to grant appellant any effectual relief. But the same motion has already been considered and denied by the Supreme Court of the Territory, and its renewal here amounts to no more than an assignment of error to the action of that court in this regard, to be passed on and disposed of as such, if otherwise we have jurisdiction of the case. If we have not, the appeal must be dismissed even though for reasons not put forward in support of the motion. The opinion of the Supreme Court fully discussed the authorities on the subject of the right to have a review of the judgment on appeal after the expiration of the term of office involved in the proceeding in *quo warranto.* The court refused to dismiss the writ, holding that the statute, 9 Anne, c. 20, § 5, providing that in addition to judgment of ouster, fine and costs may be imposed, was a part of the common law of the Territory, and also that the judgment might affect the rights of the parties in another litigation in relation to the emoluments of the office.

The appeal to this court was taken under the statute of March 3, 1885, 23 Stat. 443, c. 355; *Shute* v. *Keyser,* 149 U. S. 649. Both sections of that act apply to cases where there is a matter in dispute measurable by some sum or value in money, although the amount is not restricted under the second section. *Washington & Georgetown Railroad Company* v. *District of Columbia,* 146 U. S. 227; *Farnsworth* v. *Montana,* 129 U. S. 104. In proceedings in *quo warranto,* such as those in this case, the alleged usurpation is the matter in dispute and the liability to a fine on judgment of ouster does not make that matter measurable by some sum or value in money. As in criminal cases,

the fine is "in the eye of the law, a punishment for the offense committed, and not the particular object of the suit." *United States* v. *More*, 3 Cranch, 159, 174. Moreover, appellant could hardly be allowed to invoke our jurisdiction on the ground that if his appeal were sustained he might be fined on a new judgment.

The term of office had expired before the rendition of judgment by the Territorial Supreme Court, and as to the effect of the judgment of ouster in a suit to recover emoluments for the past, that is collateral, even though the judgment might be conclusive in such subsequent action. *New England Mortgage Security Company* v. *Gay*, 145 U. S. 123; *Washington & Georgetown Railroad Company* v. *District of Columbia*, 146 U. S. 227.

*Appeal dismissed.*