## ALBRIGHT *v.* SANDOVAL (NO. 2).

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 118.   Argued January 28, 1910.—Decided February 21, 1910.

Where the decision of the Supreme Court of a Territory is based upon the construction of the territorial statute involved, and not upon the power of the legislature to pass it, an appeal does not lie to this court, if the amount in controversy is less than $5,000.

A decision of the territorial court as to who had the right to an office which depends on whether the office was or was not vacant, and whether or not an appointment was made before the statute involved took effect, depends upon the construction of, and not the power of the legislature to pass, such statute; such a case does not involve the validity of an authority exercised under the United States and an appeal does not lie to this court if the amount in controversy is less than $5,000.

Appeal from 94 Pac. Rep. 947, dismissed.


THE facts are stated in the opinion.

*Mr. E. L. Medler* for appellant.

*Mr. Neill B. Field* for appellee, submitted.

MR. JUSTICE McKENNA delivered the opinion of the court.

The appeal involves the same questions as those that have just been decided in No. 116, *Albright* v. *Sandoval, ante,* p. 331. In the latter case the right of Sandoval to recover the fees and emoluments of the office of assessor of Bernalillo County from Albright is decided.

The case at bar is another action for additional fees received by Albright. The judgment rendered was for the sum of $1,688.84, which, with interest, amounted to the sum of

$1,813.25. The judgment was affirmed by the Supreme Court. 94 Pac. Rep. 947. This appeal was then taken. A motion is made to dismiss it on the ground that the amount in dispute does not exceed $5,000. To this it is replied that the case involves the validity of an authority exercised under the United States in the passage of the laws by which, it is contended, Albright derived a right to the office.

The appellant supports this contention by saying that his answer in the trial court raised the "legal propositions of the power and authority of the Territorial legislature to pass the acts creating Sandoval County and to vest the power of appointment in the county commissioners of Bernalillo County," and also contained a full record of the *quo warranto* proceedings in which the same questions were raised. But by reference to the opinion in No. 116 it will be seen that the Supreme Court rested its decision upon the construction of the statutes, not upon the want of power in the legislature to pass them. As to the acts themselves, the Supreme Court said: "It does not seem necessary or profitable in this case to consider the question of the power of the legislature; for the reason that however adequate the power of the legislature might be, if the legislature did not see fit and had not intended to exercise the power to declare the office of assessor of Bernalillo County vacant by the legislation enacted, the legal right of the incumbent elected by the people of the county is not affected by the legislation, and no vacancy existed, to be filled either by election or by appointment."

As to the vacancy alleged to have occurred by the nonresidence of Sandoval in Bernalillo County, the court said that it was unable to find any provision of the statutes "requiring residence in the county as a qualification to hold the office of assessor." And further said that it was hence "led to the logical conclusion that even if it were admitted that Sandoval had been for years and was still residing in what would become Sandoval County when the act took effect, that fact would neither disqualify Sandoval from holding his office nor

have the effect of rendering the office vacant." And again: "The legislature acted upon a mistaken view of the law and the result of which was to provide for the election of an officer to an office not vacant, but which, on the contrary, was in the possession of a legally elected and qualified incumbent." It was also decided that Albright's appointment was made before the law took effect and necessarily was illegal.

Upon the second appeal of the case the court did not enlarge on the ground of its decision. 79 Pac. Rep. 719. It follows that as Sandoval's right to the office and Albright's want of right were based upon the construction of the statutes of the Territory, not upon power of the legislature to pass them, the motion to dismiss must be granted, and it is

*So ordered.*