171 So.2d 848

**Fred MARTIN**

v.

**STATE of Alabama ex rel. G. V. GAMBLE.**

4 Div. 203.

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied Feb. 25, 1965.

Prestwood & Prestwood and Alvin T. Prestwood, Montgomery, for appellant.

Robt. B. Albritton, Albrittons & Rankin, Andalusia, for appellee.

SIMPSON, Justice.

This is an action in the nature of a quo warranto proceeding to determine whether appellant was usurping, intruding into, unlawfully holding or exercising the office of Director of the Water Works and Sewer Board of the City of Florala, Alabama.

It appears from the record that the office of the Director of the Water Works

and Sewer Board expired and terminated on September 13, 1964, which time was prior to the date this appeal became at issue.

The action was brought under Title 7, § 1136, Code of Alabama 1940, authorizing such a proceeding:

"When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise, or any profession requiring a license, or certificate or other legal authorization within this state, or any office in a corporation created by authority of this state."

It is manifest that the question raised by the proceeding below has now become moot because of the expiration of the office upon which this controversy is centered. While both parties have argued strenuously that this question has not become moot by the expiration of the office, we are of the contrary opinion. The following authority is found in 44 Am.Jur., Quo Warranto, § 130, p. 182:

"The appeal will ordinarily be dismissed where for some reason the case has become moot,[1] as through expiration of the terms of office of the parties to the proceeding,[2] although it has been held that such expiration of office will not justify dismissal of the appeal where the case should be held to impose a fine against the usurper.[3]

"[Footnotes] [1]. Tennessee v. Condon, 189 US 64, 47 L ed 709, 23 S Ct 579.
"[2]. Albright v. [Territory of] New Mexico, 200 US 9, 50 L ed 346, 26 S Ct 210; Tennessee v. Condon, 189 US 64, 47 L ed 709, 23 S Ct 579.
"[3]. People ex rel. Courtney v. Botts, 376 Ill 476, 34 NE(2d) 403, 134 ALR 983."

The case at bar falls within the announced rule above cited as there is no public reason for a decision and no fine or other penalty imposed on the would-be intruder into the public office.

Moreover, it is clear from the statute (§ 1136, supra) that presently no person usurps, intrudes into, or unlawfully holds or exercises the office of Director of the Water Works and Sewer Board of the City of Florala.

Assuming arguendo that there was some error in the record, which would work a reversal of this cause, and the case were remanded with directions for a new trial, what would be the result and which of the parties to this appeal would be legally entitled to the office in contest? Since the term of office has expired, appellee Gamble is not entitled to hold the office, nor would appellant Martin be entitled to hold the instant term of office. It would therefore appear that any ruling by this Court would be entirely futile and would be coram non judice.

It affirmatively appears from the record that the term of office in controversy has expired. The question presented below as a consequence has become moot. We are constrained to the conclusion that the appeal is to be dismissed and costs taxed against the appellant. So ordered.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.