ATTORNEY GENERAL *vs.* ADONAI SHOMO CORPORATION.

Worcester.    September 28, 1896. — January 12, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Information for Forfeiture of Charter to be brought by Attorney General for Commonwealth.*

An information in the nature of a *quo warranto,* praying that the charter of a corporation be declared forfeited for the nonuser and misuser of its franchise cannot be maintained if it does not appear to have been brought by the Attorney General in behalf of the Commonwealth, or to be prosecuted by him in its behalf.

INFORMATION in the nature of a *quo warranto*, filed August 3, 1894, by the Attorney General " on relation of the inhabitants of Petersham," praying that the defendant's charter might be declared forfeited on the grounds of the nonuser and misuser of its franchise.   The answer alleged, among other things, that the plaintiff, in his capacity of Attorney General, had no right to prosecute the information except in the name and on behalf of the Commonwealth of Massachusetts, and that he had no right or duty to proceed on the relation of the inhabitants of Petersham, in

that they had no interest or right in the premises. Hearing before *Barker*, J., who reserved the case for the consideration of the full court, such decree to be made as justice might require.

*F. P. Goulding*, (*F. L. Dean* with him,) for the plaintiff.

No counsel appeared for the defendant.

FIELD, C. J. If this information can be maintained for the purpose of declaring the charter of the defendant forfeited, it must be as an information in the nature of a *quo warranto* brought by the Attorney General in behalf of the Commonwealth. Such an information is a common law proceeding, and the pleadings and trial must conform to common law procedure. *Attorney General* v. *Sullivan*, 163 Mass. 446. The pleadings are not regulated by the provisions of Pub. Sts. c. 167. There are some indications in the pleadings that the information was regarded by the parties as an information in equity, but as no objection is made on that ground it would not perhaps be necessary to dismiss it, but it may be regarded as an information at common law of which this court has jurisdiction under Pub. Sts. c. 150, § 3. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. *Attorney General* v. *Salem*, 103 Mass. 138. As an information in the nature of a *quo warranto* to declare forfeited the charter of the defendant on the ground of the nonuser or misuser of its franchises, the information ought not to be prosecuted " at the expense and the instance of the inhabitants of Petersham," but should be prosecuted, if at all, in behalf of and at the expense of the Commonwealth, and by or under the immediate direction of the Attorney General. *Commonwealth* v. *Union Ins. Co.* 5 Mass. 230. *Goddard* v. *Smithett*, 3 Gray, 116. The mention of relators in the information may be rejected as surplusage; *Commonwealth* v. *Allen*, 128 Mass. 308; but, rejecting this, it does not appear that the information was filed by the Attorney General in behalf of the Commonwealth, and it apparently has been prosecuted by an attorney at law employed by the inhabitants of the town of Petersham, and the town of Petersham, it is conceded, has no interest in the prosecution which the law recognizes. It is for the Attorney General on his official responsibility to determine whether he desires to apply for leave to amend the information so that it shall appear to have been brought by him in behalf of the Commonwealth. *Rice* v. *National Bank of the Commonwealth*,

126 Mass. 300. High, Ex. Leg. Rem. (3d ed.) §§ 697, 698. If such an amendment is allowed by a single justice of this court, and both parties then agree in writing to submit the questions of law to the full court upon the report as it stands, this may be done; if such an amendment is allowed and the parties do not so agree, the report must be discharged, and there must be a new trial. If such an amendment is not allowed, the information must be dismissed for the reason that it does not appear to have been brought or to be prosecuted by the Attorney General in behalf of the Commonwealth. *So ordered.*