ATTORNEY GENERAL *vs.* NATHANIEL DOLE & another.

Essex.    May 21, 1897. — June 14, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Enlargement of Number of Selectmen at Adjourned Town Meeting.*

A town may, at an adjourned annual town meeting, reconsider a vote passed on the first day of the meeting fixing the number of selectmen, and may then vote to enlarge the number and elect additional selectmen in pursuance of such vote.

INFORMATION in the nature of *quo warranto*, filed April 12, 1897, for the purpose of trying the title by which the defendants claim to have been elected to the office of selectmen of the town of Newbury.

The case was heard by *Barker*, J., who dismissed the information, and reported the case for the consideration of the full court.    The material facts appear in the opinion.

*B. B. Jones & M. A. Pingree*, for the plaintiff.

*H. P. Moulton & N. N. Jones*, for the defendants.

KNOWLTON, J.    At the annual meeting of the inhabitants of Newbury held on March 2, 1897, it was within the power of the town to choose three, five, seven, or nine selectmen.    St. 1893, c. 417, § 266.    The vote under article fifth of the warrant, " To proceed to choose three selectmen, all on one ballot," was a determination by the town that the number should be three. *Commonwealth* v. *Wentworth*, 145 Mass. 50.    It was within the power of the town to reconsider this vote, and to make the number larger at any time before the meeting was dissolved.    The adjourned meeting held on March 16 was a continuation of the same meeting, and the town had on that date the same right to reconsider a vote passed on March 2 as it had on the first day of the meeting.    *Attorney General* v. *Simonds*, 111 Mass. 256, 259. *Reed* v. *Acton*, 117 Mass. 384.    The only limitation of this right was that the reconsideration could not affect rights acquired in the mean time by action under the vote.    *Hunneman* v. *Grafton*, 10 Met. 454.    *Parker* v. *Titcomb*, 82 Maine, 180.    The town had acted under the vote by duly electing three persons selectmen.

No reconsideration could be voted that would deprive these persons of the rights and emoluments which belonged to their official place, but a vote fixing the number might be reconsidered with a view to make the number larger. Indeed, the number could not otherwise be affected by the reconsideration, for the statute requires that the board shall consist of three at least.

This being the situation at the adjourned meeting on March 16, it was voted to take up article five of the warrant, and it was then voted to add two to the number of selectmen, and thereupon a ballot was taken resulting in the election of the defendants. While the vote to add two to the board was not upon a formal motion to reconsider the vote fixing the number, it was in substance a vote to reconsider. It was a vote upon a question which might have been divided and acted upon in two parts, as it involved a determination, first, to reconsider the former vote, and, secondly, to make the number larger; but the fact that it was informal is not material, inasmuch as it was correct in substance, and no question was raised in regard to its form. We are of opinion that the proceedings were warranted in law, and that the defendants were duly elected.

We do not mean to intimate that, after the election of a board of selectmen at the annual meeting, a town can, at a special meeting subsequently called, change the number of the board fixed at the annual meeting. See *People's Ins. Co.* v. *Westcott*, 14 Gray, 440 ; *Mason* v. *Brookfield School District*, 20 Vt. 487, 493. But we see no serious objection, either on principle or in practice, to allowing a town at the adjourned annual meeting, after choosing three selectmen, to consider further the article of the original warrant under which was determined the number to be chosen.

*Information dismissed.*