GEORGE E. McQUESTEN *vs.* ATTORNEY GENERAL & another.

Essex.   November 18, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BARKER, JJ.

*Attorney at Law.   Attorney General.*

In a proceeding in which the Commonwealth is a party the attorney general may authorize an attorney at law, who is not an assistant attorney general or a district attorney and who represents a certain town in the proceedings, to take and enter an appeal for him in behalf of the Commonwealth.

KNOWLTON, C. J.   This is a petition for a writ of prohibition to prevent the trial in the Superior Court of an appeal from a decree of the Court of Land Registration in favor of the petitioner, upon an application for the registration of his title to certain land in the town of Marblehead.   This appeal was taken by the attorney general, acting by authorized attorneys who also represented the town of Marblehead.   The principal contention of the present petitioner is, that such an appeal could be taken only by the attorney general, or assistant attorney general, or district attorney, in person, and that the attorney general could not authorize other attorneys to take and enter an appeal which would give the Superior Court jurisdiction.

On the original petition there was a question whether there was a public landing place over the land described, and notice of the application was accordingly given to the attorney general, under the R. L. c. 128, § 31.   The interests of the public were involved, and the Commonwealth was a proper party.   Under § 13 it had a right to appeal from an adverse decision.   The attorney general entered an appearance personally in the Court of Land Registration, but filed no claim.   Afterwards, with the consent of the petitioner, who reserved all legal rights, attorneys

representing the town presented the claim of the Commonwealth in that court, under authority in writing from the attorney general. The petitioner objected to the authority of these attorneys to take an appeal for the attorney general, and moved to dismiss the appeal. The motion having been denied, this petition was brought.

Previously to the enactment of the St. 1896, c. 490, it had long been the practice of the attorney general, in certain civil cases to which he or the Commonwealth was a party, to be represented by attorneys procured and paid by relators, or other private parties who had a special interest in the maintenance of the public rights in question. *Attorney General* v. *Metropolitan Railroad,* 125 Mass. 515. *Kenney* v. *Consumers' Gas Co.* 142 Mass. 417. *Attorney General* v. *Tarr,* 148 Mass. 309. *Attorney General* v. *Revere Copper Co.* 152 Mass. 444. *Attorney General* v. *Abbott,* 154 Mass. 323. *District Attorney* v. *Lynn & Boston Railroad,* 16 Gray, 242. *Attorney General* v. *Butler,* 123 Mass. 304. *Attorney General* v. *Parker,* 126 Mass. 216. *Attorney General* v. *Boston,* 123 Mass. 460. This had been done with the approval of the court. *Parker* v. *May,* 5 Cush. 336, 338. *Commonwealth* v. *Boston & Maine Railroad,* 3 Cush. 25, 48. The rule as to criminal prosecutions always has been different. *Commonwealth* v. *Knapp,* 10 Pick. 477, 481. *Commonwealth* v. *Williams,* 2 Cush. 582, 584. *Commonwealth* v. *Scott,* 123 Mass. 222, 234. But even in civil cases the court has recognized the desirability of having public interests actively represented in court by a public officer. *Burbank* v. *Burbank,* 152 Mass. 254, 256, and cases above cited. Emphasis was given to this view in *Attorney General* v. *Adonai Shomo Co.* 167 Mass. 424, which was an information brought in the name of the attorney general, but not actively prosecuted by him. A little before the argument of this case in the full court, but after the hearing before the single justice, the St. 1896, c. 490, (R. L. c. 7, §§ 1–9,) was passed, which enlarged and particularly defined the duties of the attorney general. Under this act the attorney general appears in all the courts of the Commonwealth, not only for the Commonwealth, but for the secretary, the treasurer and the auditor, and for all heads of departments, State boards and commissions, in all suits and other civil proceedings, except upon criminal

recognizances and bail bonds, in which the Commonwealth is a
party or interested, or in which the official acts and doings of
said officers are called in question.   This put an end to the prac-
tice which previously had prevailed to some extent in State
boards and commissions, of employing private counsel in public
matters at the expense of the Commonwealth.   The statute also
provides that " All such suits and proceedings shall be con-
ducted by him or under his direction." In this way official re-
sponsibility for these suits and proceedings, at all stages of their
progress, is secured.   The statute also gives the attorney general
power to appoint such assistants as the duties of the office re-
quire, and with the approval of the Governor and Council to fix
their compensation.   He may also, subject to like approval, em-
ploy such additional legal assistance as he may deem necessary
in the discharge of his duties.   In this way a very large and
important official responsibility rests upon the attorney general.
All of this business in which the Commonwealth is interested
must be conducted in court under his direction.   Doubtless it
was expected that in ordinary cases this direction would be given
most effectually while having the business in court done by his
regular assistants, or by other attorneys employed and paid
under the authority of the statute.   But we are of opinion that
this statute was not intended to limit his previously existing
power to give jurisdiction to the courts, and to bind himself as a
party representing the public, in the ordinary way, through an
unofficial attorney at law, authorized to represent him.   It might
be inconvenient, and it is unnecessary, to leave the attorney gen-
eral with no power in a civil proceeding to act in court other-
wise than in person, or through a regular assistant, or a person
appointed with the approval of the Governor and Council.   It
would require plain provisions of the statute to indicate a legis-
lative purpose so to limit his power.   As a party in a civil pro-
ceeding in court, or as an officer representing public interests, he
is bound by the action of his authorized attorney, as any other
party is.   In reference to this, if the requirement that the busi-
ness shall be done under his direction implies that it shall be
done by a regular assistant, or by a person appointed with the
approval of the Governor and Council, the statute is merely
directory.   Since the enactment of the statute cases have been

heard repeatedly in which the attorney general was a party, and was represented by private counsel without objection. *Attorney General* v. *Dole*, 168 Mass. 562. *Attorney General* v. *McCabe*, 172 Mass. 417. *Attorney General* v. *Williams*, 174 Mass. 476; *S. C.* 178 Mass. 330. *Attorney General* v. *Drohan*, 169 Mass. 534. *Attorney General* v. *Goodell*, 180 Mass. 538. *Attorney General* v. *Vineyard Grove Co.* 181 Mass. 507.

The fact that the attorneys who represented him in taking the appeal were acting also for the town of Marblehead, does not affect the validity of their action. There was no inconsistency between the claims of these two parties which should preclude counsel for one from representing the other in taking the appeal. Indeed, it appears that they agreed in their contention in regard to the acquisition of public rights in the landing place.

Our view of this part of the case makes it unnecessary to consider the question whether, if the appeal was wrongly taken, the petitioner has another remedy that would make it unnecessary to issue a writ of prohibition.

*Petition dismissed.*

*H. H. Buck*, for the petitioner.

*H. P. Moulton, J. H. Casey & U. G. Haskell*, for the respondents.