FIRST NATIONAL BANK OF WOBURN *vs.* CITY OF WOBURN.

Middlesex.    March 6, 1906. — June 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Land Court. Municipal Corporations. Attorney General. Way. Practice, Civil,* Appeal.

Upon a petition for the registration of a title and to have the boundary of a high-way determined the Land Court has jurisdiction to determine whether the public have acquired a right of way by prescription over a strip of land between a building on the petitioner's land and the highway as originally laid out.

Under R. L. c. 128, § 13, a city has the right of appeal to the Superior Court from a decree of the Land Court determining the boundary of one of its highways, upon the petition of an owner of land abutting thereon, and deciding that the public have not gained a right of way by prescription over a strip of land of the petitioner adjoining the highway. Whether the attorney general as representing the public also has the right to appeal from such a decree, *quaere.*

PETITION filed in the Land Court on May 23, 1904, by the First National Bank of Woburn as the owner of certain land with the buildings thereon bounded northwesterly by Main Street in that city, claiming title in fee simple to the middle line of that highway, to have its title registered and confirmed and to have the line of that highway determined, and also to have the line of a certain private way determined.

The city of Woburn appeared and filed an answer objecting to the establishment of the street upon the line asked for by the petitioner. The case was heard by *Jones,* J., who ruled "as a matter of law that no easement of way has been acquired by the public or the city of Woburn over a strip of land belonging to the petitioner lying between the base line of its bank building and the easterly line of Main Street as laid out; said strip of land being 60.15 feet long, 2.60 feet wide at the northerly end and 2.47 feet wide at the southerly end."

He made a decree for the petitioner; and the city of Woburn appealed to the Superior Court. Issues for trial in the Superior Court were filed and allowed in the Land Court. In the Superior Court the petitioner moved to dismiss the appeal, on the

ground that the appeal and the issues filed with it affected the rights of the public only and not the rights of the city of Woburn in the highway, and that the city of Woburn was not entitled to represent the public in the proceeding.

The motion was heard by *Bond*, J., who allowed it, and ordered that the appeal be dismissed. The city of Woburn alleged exceptions.

The case was argued at the bar in March, 1906, before *Knowlton*, C. J., *Morton*, *Lathrop*, *Loring* & *Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*G. W. Norris*, for the respondent.

*J. W. Johnson*, for the petitioner, submitted a brief.

KNOWLTON, C. J. In this case the Superior Court allowed a motion of the petitioner to dismiss the appeal, taken to that court from an order of the Land Court, upon a petition for the registration of a title. The respondent took an exception to the ruling of the Superior Court, and this presents the only question before us. The ground of the decision was that the city of Woburn had no interest which gave it a standing as a party and entitled it to prosecute an appeal. The question which arose in the Land Court was, whether the petitioner's title was good up to the line of the street as originally laid out, or whether the public had acquired a way by prescription over a strip of land, about two and one half feet wide, lying between the easterly line of Main Street as laid out and the base line of the bank building standing on the petitioner's lot.

A fundamental inquiry is whether the Land Court, in a proceeding of this kind, has a right to determine such a question. We have no doubt that it has this right. An application for the registration of a title is, by the terms of the statute, a proceeding *in rem*, which operates directly to vest and establish title to the land. R. L. c. 128, § 1. The statute contains elaborate provisions for the determination of rights claimed in the land, which shall be binding upon all the world. R. L. c. 128, §§ 37, 38. It requires not only special notice to all persons known to be interested, but general notice " to all whom it may concern." R. L. c. 128, §§ 30, 31. The certificate is made conclusive as to all incumbrances, with certain exceptions mentioned in § 38. This itself implies that the court is to pass upon the validity of

incumbrances before issuing a certificate. There is a special provision for the determination of the boundaries of highways. R. L. c. 128, §§ 31, 38, cl. 3. In this case the application contains a request to have the boundary of the way determined. The court, therefore, had jurisdiction of this part of the case.

The right of travellers to use the way is a public easement, and the right by prescription, claimed in the narrow strip between the located line of the street and the base line of the building, is of the same kind. Ordinarily, rights of the general public are represented in court by the attorney general, and under this statute he may not only appear under the general description of parties in the notice " to all whom it may concern," (see § 33) but he must be given special notice " if the land borders on a river, navigable stream or shore, or on an arm of the sea where a river or harbor line has been established, or on a great pond, or if it otherwise appears from the application or the proceedings that the Commonwealth may have a claim adverse to that of the applicant." § 31. In like manner, if the applicant requests to have the line of a public way determined, notice must be given to the mayor of the city or to one of the selectmen of the town or towns in which the land lies, or if the way is a highway, to one of the county commissioners of the county or counties in which the land lies. § 31.

In a case like the present the statute expressly recognizes the mayor of the city as the person to whom notice must be sent specially by registered letter. This notice is given him in his official capacity, as a representative of the city, and the provision is a statutory recognition of the rights of cities and towns to be heard upon questions affecting the boundaries of public ways. If a city must be given notice, and an opportunity to be heard, in such a case, it has a right of appeal to the Superior Court under § 13.

There are good reasons for giving cities and towns a right to to be heard when the boundaries of ways are to be determined. While they have no title to the land in public ways, by virtue of the laying out of the ways they have an interest in them and in the public easement which subjects the land to use for the construction and repair of the ways as well as for travel over them. They are bound by law to keep them safe and convenient for

travellers. It is important that they should know the true boundaries of ways, whether they are laid out by the public authorities or acquired by prescription. The extent of a way is important as bearing upon the duty of the city or town to keep it in repair, and its liability to travellers who are injured while passing over it. R. L. c. 51, §§ 1, 17, 18. *Gordon* v. *Taunton,* 126 Mass. 349. *Bassett* v. *Harwich,* 180 Mass. 585.

Whether the attorney general, as a representative of the public, had also a right to be heard, it is unnecessary to decide. In *McQuesten* v. *Attorney General,* 187 Mass. 185, the attorney general represented public rights, and the town was also a party claiming municipal rights.

We are of opinion that the appeal was wrongly dismissed.

*Exceptions sustained.*