CECIL C. GAMWELL *vs.* CHRISTOPHER I. BIGLEY.

Berkshire.    September 16, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Way*, Private.   *Easement.*

While one, who owns certain land, with buildings thereon, subject to a right of way in the owner of adjoining land upon which one of the buildings, which is of frame structure, encroaches, and who by a decree of the Land Court has a right " that the buildings which were situated on the " land on the date of purchase "encroaching" on the right of way " may remain until they are removed or destroyed," is entitled, if decay or dilapidation appear, to make needed repairs to the building with like material so that it will be in as sound condition as it was in at the date of purchase, he violates the adjoining owner's right of way, if he tears down the walls of wood, substitutes therefor walls of brick and concrete with steel girders and thus adapts the building for use of heavier machinery and the storing of more goods than formerly were on the premises, and a suit in equity may be maintained to enjoin such violation.

BILL IN EQUITY, filed in the Superior Court on November 17, 1923, seeking to enjoin the defendant from replacing and reconstructing a part of a building in alleged violation of a right of way of the plaintiff.

In the Superior Court, the suit was referred to a master. The plaintiff filed exceptions to the master's report as follows:

" 1.   To the master's failure to find the defendant has substantially torn down and destroyed the original wooden building located on the premises October 11, 1904.

" 2.   To the master's failure to find that said original wooden building has been substantially removed and destroyed by the defendant and on the date of the plaintiff's bill of complaint, no longer existed as a wooden building.

" 3.   To the master's failure to make an ultimate finding of fact as to whether or not the structure or structures existing on the premises on October 11, 1904, had been removed or destroyed.

" 4.   To the master's finding that if the store and frame structure constitute as a matter of fact or law one building, such building has not been removed or destroyed."

The suit then was heard by *Burns*, J., upon the report and the plaintiff's exceptions.   He ruled as follows: " The plaintiff's exceptions are overruled.   Enter interlocutory decree confirming the master's report.   On the facts as found by the master, the court rules that the buildings have not been removed or destroyed.   Let a decree be prepared dismissing the plaintiff's bill with costs to be taxed as at law."   An interlocutory decree thereupon was entered overruling the plaintiff's exceptions to the master's report, confirming the report, and dissolving a restraining order and temporary injunction previously issued.   The record states: " The plaintiff, feeling aggrieved because of said memorandum and order for a decree and because of the overruling of his exceptions and the rulings of law made herein, duly excepted thereto, now excepts and prays that his exceptions be allowed."

*F. M. Myers*, for the plaintiff.

*M. B. Warner*, (*N. A. Foot* with him,) for the defendant.

BRALEY, J.   The parties derive title from a common grantor.   The deed to the defendant, which is the first in time, contains the following reservation: " Reserving herein to the grantor and his heirs and assigns a right of way ten feet wide over a portion of the easterly side of said land

herein conveyed a portion of the buildings on the land herein conveyed stands upon a portion of the right of way. The right of said grantor and his heirs and assigns to use said way — so covered by said buildings shall not begin until the present buildings situated upon the land herein conveyed are removed or destroyed. Said right of way is more particularly described as follows. Beginning at the southeast corner, of land herein conveyed; thence running northerly along the easterly line of said land seven rods; to the northwesterly [northeasterly?] corner of said land; thence westerly along the northerly line of said land ten feet to a point; thence southerly in a line parallel with the east line of said land seven rods to the southerly line of said land; thence easterly ten feet to the place of beginning." The defendant having applied for registration under G. L. c. 185, the certificate recites that so much of the land as is included within the limits of the right of way is appurtenant to the dominant estate which has been conveyed to the plaintiff, and "that the buildings which were situated on the above described land October 11, 1904 [when defendant purchased] encroaching thereon, may remain until they are removed or destroyed." The certificate is conclusive of the existence of the way as located, and defined in the deed. *First National Bank of Woburn v. Woburn,* 192 Mass. 220. G. L. c. 185, § 38. See § 46.

It is found by the master, that on the date of the defendant's purchase, there was standing within the way a one-story brick structure used for the sale of baker's products, and referred to in the report as a " store," which has not been removed or destroyed. A two-story frame structure just northerly of the store was directly joined thereto. It was divided in the centre of the first floor by a partition, to the west of which was the defendant's bake shop. The part on the east with two upper rooms was used as tenements. The frame building, with the exception of twelve or fifteen feet which were of brick, was built of wood with a shingle roof. A piazza on the easterly side extended about six feet into the way, and a covered stairway within the limits of the way ran to the second floor. The entrance to the bake shop was through a door in the rear of the store. The en-

trance to the lower tenement was through the piazza, while the second story was reached by means of the covered stairway.

While the parties are not in controversy over the store, the plaintiff alleges, that the defendant has destroyed the original frame building by substituting an entirely different structure. If, however, on the date of purchase the store and frame building constituted but one structure, then, notwithstanding the changes in the frame building, to which we shall subsequently refer, the building viewed as a unit has not been destroyed or removed. But the reservation refers to the structure then existing as " buildings," and the parties are bound by their own description. The question, whether the store and main building were a unit, or physically separated into a brick store, and a frame building, was one of fact. The master finds that they constituted distinct buildings, one the brick store, and the other " the frame structure used for tenement and bake shop purposes." This finding being well supported by his preceding findings is conclusive. *Shepperson* v. *Pearse,* 170 Mass. 206, 210.

We discover no error of law in the overruling of the plaintiff's exceptions to the master's report in so far as argued. The court however ruled, that on the facts found by the master, the buildings have not been removed or destroyed. The ruling, if confined to the store, was right. But as to the frame building it was wrong. The master explicitly states that the defendant has annexed to the north, or rear of the frame building a brick section two stories in height which does not encroach on the way; but in making this addition he removed the rear wall of the frame building. It was taken down because the defendant intended to strengthen the building for use in his business. The defendant having decided to put in heavier machinery and to store more goods, also planned to change substantially the frame walls by the substitution of brick, to put a stronger flooring for the second floor, and to replace the wooden girders by steel beams. Pursuant to this plan, the defendant at the date of filing the bill had taken down the lower portion of the easterly wall up to the second story, where it extended into

the way, replacing it with a wall of brick. The westerly portion of the shingled roof also had been taken down. The floor of the second story had been so wrecked as to be of no further use, and steel girders with concrete piers had been installed inside the old foundations replacing the original construction which was of timber. It further appears, that the remodelling and reconstruction of the building affected the entire structure except " the first floor, the foundations, upper portion of east wall and such partition as exists between the store and the frame structure, the rear wall having already been broken down when the rear brick section was built." The defendant doubtless had the right, if decay or dilapidation appeared, to make needed repairs to the building with like material so that it should be in as sound condition as it was in at the date of purchase. The work, however, which he has undertaken and is pushing to completion, is entirely different. By the radical changes shown and explained by the record the defendant under the guise of reconstruction has substantially entered upon the erection of a new building, largely of steel, concrete and brick and of greater durability than the old building, and designed for a use to which it was not adapted because of structural weakness. The defendant having voluntarily " removed and destroyed " substantial and material portions of the old building, the way no longer can be lawfully occupied for the maintenance of the new or reconstructed building.

It follows, that the plaintiff is entitled to injunctive relief, the details of which are to be settled in the trial court. *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4. *Siegel* v. *Starzyk*, 238 Mass. 291, 297, 298.

*Exceptions sustained.*