CECIL C. GAMWELL *vs.* CHRISTOPHER I. BIGLEY.

Berkshire. September 15, 1925. — October 14, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice*, Decree, Appeal. *Equity Jurisdiction*, To enjoin encroachment on right of way. *Way*, Private. *Words*, "Forthwith."

A decree in equity must conform to the frame of the bill and must be restricted to the allegations in the pleadings as well as to the facts in the case.

The allegations of a bill in equity were in substance that in 1907 the plaintiff became entitled to the use of a certain right of way, created by deed in 1904, subject to a right of the defendant to maintain thereon certain buildings that were there in 1904; that in 1923, the defendant had torn

down a frame building thereon and was building in its place a new brick structure; and the prayers of the bill were for an injunction restraining such replacement by a brick building and to require the removal of the portions of the building infringing on the right of way. A master found that in 1904 there were two buildings on the premises, one called the "store"; that the defendant in 1923 tore down one of the buildings, a frame structure, not the store, and was building in its place a new brick structure; that in 1908 a wagon shed and coal bin had been added to the structures encroaching on the way. A final decree in substance directed the removal of all buildings encroaching on the way except the store. The defendant appealed. *Held*, that the decree was erroneous so far as it directed the removal of the wagon shed and coal bin, and in other respects was correct.

A direction in the final decree above described, that the defendant should "forthwith" remove the objectionable structure, meant merely that he should use due diligence in complying with the order of the court and remove the structure as soon as practicable.

BILL IN EQUITY, filed in the Superior Court on November 17, 1923, to enjoin the construction and maintenance of a certain building in violation of a right of way of the plaintiff.

The right of way was created by the following language in a deed dated October 11, 1904: "Reserving herein to the grantor and his heirs and assigns a right of way ten feet wide over a portion of the easterly side of said land herein conveyed a portion of the buildings on the land herein conveyed stands upon a portion of the right of way. The right of said grantor and his heirs and assigns to use said way — so covered by said buildings shall not begin until the present buildings situated upon the land herein conveyed are removed or destroyed."

In the Superior Court, the suit was heard upon the master's report by *Burns*, J. Exceptions saved by the plaintiff were sustained by this court in a decision reported in 250 Mass. 140. After rescript, a final decree, described in the opinion, was entered by order of *Keating*, J. The defendant appealed.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

CARROLL, J. The facts are set out in *Gamwell* v. *Bigley*, 250 Mass. 140, where it was decided that the plaintiff was entitled to injunctive relief and his exceptions were sustained. Following that decision a decree was entered in the Superior

Court directing the defendant forthwith to remove so much of the buildings located on his property on Columbus Avenue, Pittsfield, as extended upon the right of way appurtenant to the plaintiff's land, with the exception of the brick structure referred to in the master's report and in the opinion as a "store"; and permanently restraining the defendant from constructing or maintaining any buildings extending upon the right of way, and from obstructing the plaintiff in his lawful use of the right of way, excepting that the "store" was permitted to remain until removed or destroyed. The defendant appealed from this decree, and contends that it does not follow the pleadings.

It is elementary that a decree in equity must conform to the frame of the bill. The decree must be restricted to the allegations in the pleadings as well as to the facts in the case. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. *King* v. *Connors,* 223 Mass. 305. *Pickard* v. *Clancy,* 225 Mass. 89, 95. *Donohue* v. *White,* 247 Mass. 479, 482.

The master's report shows that the defendant in the year 1908 built upon the right of way a brick coal bin "ten feet north and south and four feet east and west," and about the same time a wagon shed was moved onto the right of way. In 1923 a frame building connecting with the "store" was altered by changing the frame walls to brick, substituting steel beams and girders for the wooden timbers, and making other alterations. The master found that the brick store and frame building were two buildings. It was decided in *Gamwell* v. *Bigley, supra,* that this finding, that the brick building and the frame structure constituted distinct buildings, was supported by the evidence, and that the way in question could no longer be lawfully occupied by the maintenance of the new or reconstructed building spoken of as the frame building.

The plaintiff in effect alleges in his bill, that in 1904 there was a frame building on the defendant's premises, a portion of which extended over the right of way; that in 1923 the defendant made alterations in this building by taking down the walls and replacing them with brick walls; and "the building itself . . . [was] removed and destroyed and that

thereby and by reason thereof, the defendant became and was no longer entitled to maintain said building or any other building upon and within the limits of said right of way"; that the defendant is now engaged in constructing a building with walls of brick; that this building will be an encroachment on the right of way. The prayers are for an order restraining the defendant from continuing the work of reconstruction of the frame building either by replacement or by renewal "of that portion of said building extending into and upon the limits of said right of way"; and that the defendant be directed to remove the portion of the building extending into the right of way "as has been heretofore constructed since the tearing down, removal and destruction of the building which stood within the limits of said right of way on the eleventh day of October, 1904." There was also a prayer for general relief.

The decree from which the defendant appeals ordered the defendant forthwith to remove so much of the buildings as extends into the right of way, but allowing the "store" to remain until removed or destroyed. By ordering the defendant to remove the buildings the decree is broad enough to require the defendant to remove forthwith the wagon shed and the brick coal bin, which, we understand from the master's report, are located in whole or in part upon the right of way. These two structures are not referred to in the plaintiff's pleadings. The frame of the bill shows that the plaintiff was seeking relief because of the alterations in the frame building in 1923, at which time the defendant began this work. No reference is made to the wagon shed which in 1908 was moved in such a way that a portion of it stood on the right of way, nor is there any reference to the coal bin which was constructed entirely on the way at about the same time. The prayers for relief do not concern these two structures; and although the bill alleges that the defendant by making the alterations in 1923 is no longer entitled to maintain "any other building upon . . . said right of way," this statement cannot be construed to include the structures erected or altered prior to 1923. The plaintiff sought relief for the work undertaken at that time; he did not allege any

wrong done before 1923 and sought no relief because of the previous encroachments.

In view of the stating part of the bill and the prayers for relief, the decree is to be modified by excepting from its operation the wagon shed and coal bin. *Bushnell* v. *Avery,* 121 Mass. 148, 149. *Fordyce* v. *Dillaway,* 212 Mass. 404, 411. We assume, although there is no specific finding on this point, that the wagon shed is still standing. The coal bin according to the master's finding is in its original position. So far as the decree concerns the frame building it follows the assertions in the bill and the prayers for relief, and rests on the facts found by the master. *Gamwell* v. *Bigley, supra.*

The defendant also objects to the decree because he is ordered "forthwith" to remove the obstruction. The word "forthwith" meant no more than this, that he should use due diligence in complying with the order of the court and remove the obstruction as soon as practicable. *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 52, 53. *Everson* v. *General Accident, Fire & Life Assurance Corp., Ltd.* 202 Mass. 169, 174.

The reservation in the deed to the defendant, reserving to the grantor and his heirs a right of way ten feet wide, stipulated, "The right of said grantor and his heirs and assigns to use said way — so covered by said buildings shall not begin until the present buildings situated upon the land herein conveyed are removed or destroyed." We do not understand that any question is involved as to the time when the plaintiff's right to use the way begins, and we do not consider this question.

It follows that the decree is to be modified by excepting from its operation the structures known as the wagon shed and brick coal bin, and as so modified it is affirmed.

*Ordered accordingly.*