THOMAS A. HENRY, administrator, *vs.* CITY OF MELROSE.

Middlesex.    November 17, 1938. — October 26, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Way*, Public: boundary.  *Evidence*, Competency, Plan.

A plan, prepared by an engineer of the Land Court, on file with the recorder with a certificate of registration of title to land and showing a drill hole in a boulder as marking a boundary on a public way, was admissible in evidence, with identifying testimony, upon the issue whether a place where a pedestrian had been caused injury by part of the boulder was within the way.

At the trial of an action against a city for personal injuries caused by a boulder alleged to project into and above a public sidewalk at a boundary with private land, it was proper to refuse a request for a ruling, "That if the jury find that the stone which caused the injury was a bound stone, then it was the duty of the defendant to see that such stone was placed a few inches below the travelled part of the way," with a reference to G. L. (Ter. Ed.) c. 86, § 1.

TORT. Writ in the Superior Court dated August 5, 1930. A verdict for the defendant was returned before *Leary*, J.

*T. A. Henry*, for the plaintiff.

*E. H. R. Burroughs*, for the defendant.

RONAN, J.    This is an action of tort to recover for injuries received by the plaintiff's intestate while travelling upon the sidewalk of a public way in the defendant city, and alleged to have been caused by a boulder which extended onto the sidewalk from the abutting property for eight or ten inches from the inside line of the sidewalk. The top of this boulder was about one inch above the surface of the sidewalk, and its height increased over the adjoining private land as it extended away from the sidewalk. The city had drilled holes in this rock to indicate an angle in the side line of the way. There was a conflict in the evidence as to whether the place where the intestate was injured was within the limits of the way or upon the adjoining property. The jury returned a verdict for the defendant. The case is here upon

two exceptions: one to the admission of a plan and the other to the refusal to grant a request for instructions.

A witness who had purchased the adjoining land in 1927 testified that his grantor had pointed out to him the boulder as one of the bounds of the lot. The witness had registered his title to the land in 1927. He identified a plan of his lot. This plan was admitted in evidence subject to the exception of the plaintiff, who directed the judge's attention to G. L. (Ter. Ed.) c. 86, § 3. The plan showed the drill hole in the boulder as a corner boundary of the land. The legend on the plan indicated that it had been prepared by the engineer of the Land Court in the performance of his duty; that it had been filed and recorded in the appropriate registry of deeds, apparently with the decree registering the title of the witness. It was dated November 5, 1927. It could be found that this plan was prepared in accordance with G. L. (Ter. Ed.) c. 185, § 117, and was recorded with the decree of registration for the purpose of delineating the registered land. It was certified as a correct copy by the official having the charge and custody of the records of that court. G. L. (Ter. Ed.) c. 185, § 6. This plan also contained an attested copy of an order of the court relative to the issuance of separate certificates for various designated lots shown on the plan. The plan was a part of the records of the Land Court. It was properly authenticated and tended to show the limits of the way at the place of the accident. *Commonwealth* v. *Barry*, 115 Mass. 146. *Fitch* v. *Randall*, 163 Mass. 381. *First National Bank of Woburn* v. *Woburn*, 192 Mass. 220. *Gamwell* v. *Bigley*, 250 Mass. 140, 142.

The purpose of the statute, G. L. (Ter. Ed.) c. 86, § 3, upon which the objection to the plan was based, was to prevent an abutting owner from encroaching upon a public way. *Driscoll* v. *County Commissioners of Essex*, 268 Mass. 162. *Mahan* v. *Rockport*, 287 Mass. 34. The plaintiff contended not that the adjoining owner had acquired any title in the locus but that the contrary was true and that the place of the accident was within the limits of the way. It is plain that the statute was not relevant to the issue.

The judge refused to grant the plaintiff's request, "That if the jury find that the stone which caused the injury was a bound stone, then it was the duty of the defendant to see that such stone was placed a few inches below the travelled part of the way. G. L. (Ter. Ed.) c. 86, § 1." This section provides for the erection of bounds at the termini and angles of a public way by the board or officer who laid out the way. The bounds were to be of stone, Portland cement or concrete, if practicable, otherwise the bound could be one of several physical objects that might be located at the site, including "a permanent rock." The city did not erect any bound but utilized an existing land mark. The accident was not caused by the failure to provide a stone bound or by the adoption of the boulder for this purpose. The method by which the side line of the way was designated had no causal connection with the accident. The request was not material and there was no error in refusing to grant it. *Rogers* v. *Murch*, 253 Mass. 467. *Smith* v. *Locke Coal Co.* 265 Mass. 524.

*Exceptions overruled.*